<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

District of  Delaware _____
                                  (State)

Case number (*If known*): _____ Chapter 7

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **TrustedMedRx, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | TrustedMedRx, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 3 6 - 4 8 4 8 7 9 8 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

**1200**       **South Rogers Circle**
Number       Street

**Ste. 4a**

**Boca Raton**       **FL**     **33487**
City               State    ZIP Code

**Palm Beach County**
County

**Mailing address, if different from principal place of business**

Number     Street

P.O. Box

City           State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number     Street

City           State    ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.cuehealth.com** |

Debtor   **TrustedMedRx, LLC**
Name

Case number *(if known)*_____

| | |
|---|---|
| 6. **Type of debtor** | ✓ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ❑ Partnership (excluding LLP) |
| | ❑ Other. Specify: _____ |

| | |
|---|---|
| 7. **Describe debtor's business** | A. *Check one:* |
| | ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ❑ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ✓ None of the above |
| | |
| | B. *Check all that apply:* |
| | ❑ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 5  4  1  7 |

| | |
|---|---|
| 8. **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ✓ Chapter 7 |
| | ❑ Chapter 9 |
| | ❑ Chapter 11. *Check **all** that apply*: |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C.§ 1116(1)(B). |
| | ❑ A plan is being filed with this petition. |
| | ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ❑ Chapter 12 |

| Debtor | **TrustedMedRx, LLC** | | Case number (*if known*)_____ |
|---|---|---|---|
| | Name | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

✓ No

❑ Yes. District _____ When _____ Case number _____
                                  MM / DD / YYYY

District _____ When _____ Case number _____
                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

✓ Yes.   Debtor <u>S e e   S c h e d u l e   1</u>   Relationship _____

District _____ When _____
                                          MM  /  DD  / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

✓ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

❑ No

✓ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? <u>See Schedule 2.</u>

❑ It needs to be physically secured or protected from the weather.

❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❑ Other _____

**Where is the property?** <u>See Schedule 2</u>
                           Number        Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

❑ No

❑ Yes. Insurance agency <u>S e e   S c h e d u l e   2</u>

Contact name _____

Phone _____

**Statistical and administrative information**

| Debtor | **TrustedMedRx, LLC** | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

| | | | | | |
|---|---|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* | | | | |
| | ✓ Funds will be available for distribution to unsecured creditors. | | | | |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | | | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ✓ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>✓ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>✓ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  0 5 / 2 8 / 2 0 2 4
              MM  / DD / YYYY

✗  */s/ Ian Sinnott*                                    **Ian Sinnott**
Signature of authorized representative of debtor        Printed name

Title  **Authorized Representative**

Debtor    **TrustedMedRx, LLC**
     Name

Case number (*if known*)_____

**18. Signature of attorney**    ✖    */s/ Erin R. Fay*
                Signature of attorney for debtor

Date    **05/28/2024**
       MM/DD/YYYY

**Erin R. Fay**
Printed name

**Wilson Sonsini Goodrich & Rosati, P.C.**
Firm name

**222**          **Delaware Ave, Suite 800**
Number          Street

**Wilmington**          **DE**       **19801**
City               State       ZIP Code

**(302) 304-7600**          **efay@wsgr.com**
Contact phone            Email address

**5268**          **DE**
Bar number          State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities below, including the debtor in this chapter 7 case, filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 7 of title 11 of the United States Code.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Cue Health Inc. | 27-1562193 |
| CHP HC, LLC | 92-1641932 |
| TrustedMedRx, LLC | 36-4848798 |

## SCHEDULE 2

### Property Requiring Immediate Attention

In light of the chapter 7 filing, the Debtors have ceased ongoing operations. The subsequent custodianship, management, and preservation of the Debtors' pharmaceutical products and related materials is of high priority. Prior to the filing of these chapter 7 cases, the Debtors took various steps to ensure that any assets they believe may pose a threat of immediate and irreparable harm to public health or safety were identified and properly protected. Specifically, the Debtors retained several key former employees, including a pharmacist, as independent contractors to perform health, safety, maintenance, and security checks in and around the facilities, among other steps. All applicable insurance policies will be provided to the chapter 7 trustee once appointed.

The Debtors believe that their facilities located in the following cities may hold assets that pose, or are alleged to pose, a threat of immediate and identifiable harm to public health or safety:

- Boca Raton, Florida

- San Diego, California

- Vista, California

**JOINT ACTION BY UNANIMOUS WRITTEN CONSENT OF
THE SOLE MEMBER AND THE SOLE MANAGER OF
TRUSTEDMEDRX, LLC**

In accordance with Sections 605.04073(4)-(5) of the Florida Revised Limited Liability Company Act, the undersigned, being the sole member (the "**Member**") and the sole manager (the "**Manager**") of TrustedMedRx, LLC, a Florida limited liability company (the "**Company**"), hereby adopt the following resolutions by written consent:

**WHEREAS**, the Member and the Manager have reviewed and had the opportunity to ask questions about the financial and operational condition of the Company, current and long-term liabilities of the Company, and the recommendations of legal and other advisors as to certain options, including commencing a liquidation of the Company under the provisions of chapter 7 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**");

**WHEREAS**, the Member and the Manager have determined that the Company does not have sufficient capital to continue its operations or any other available alternatives and the Member and the Manager have therefore determined that it is in the best interests of the Company and the Member, the Company's creditors, and other parties in interest to terminate all employees of the Company and commence a case under the provisions of chapter 7 of the Bankruptcy Code (the "**Chapter 7 Case**"); and

**WHEREAS**, the Member and the Manager desire to take the following actions by written consent.

**I.      Commencement of Chapter 7 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Member and the Manager have determined, after consultation with management and legal and financial advisors, that it is desirable and in the best interests of the Company, the Member, the Company's creditors, and other parties in interest that a voluntary petition (the "**Petition**") be filed by the Company with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing the Chapter 7 Case under the provisions of chapter 7 of the Bankruptcy Code.

**RESOLVED FURTHER,** that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved, and adopted in all respects.

**RESOLVED FURTHER**, that Ian Sinnott (the "**Authorized Person**"), acting under the title Authorized Signatory, any other title or no title at all, be, and hereby is, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute and verify the Petition and all documents ancillary thereto, to cause such Petition to be filed with the Bankruptcy Court commencing the Chapter 7 Case, and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Person shall approve, such approval to be conclusively evidenced by the Authorized Person's execution and

delivery thereof, and (iii) attend the meeting of creditors pursuant to Section 341 of the Bankruptcy Code.

**RESOLVED FURTHER,** that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of, to pay all expenses, including advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in the Authorized Person's judgment shall be necessary, appropriate, advisable or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all such payments to be conclusive evidence of such approval and that the Authorized Person deemed the same to be so necessary, appropriate, advisable or desirable.

## II.      Retention of Advisors

**RESOLVED FURTHER**, that the law firm of Wilson Sonsini Goodrich & Rosati, Professional Corporation be and hereby is, authorized, directed, and empowered to represent the Company as general bankruptcy counsel on the terms set forth in such firm's engagement letter, as amended, which engagement letter is hereby ratified and approved, and to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of certain documents to be filed simultaneously with the Petition or during the Chapter 7 Case.

**RESOLVED FURTHER**, that FTI Consulting, Inc. be, and hereby is, authorized, directed, and empowered to serve the Company as financial advisor on the terms set forth in such firm's engagement letter with the Company, which engagement letter is hereby ratified and approved, and to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations.

**RESOLVED FURTHER,** that the Authorized Person be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, advisable or desirable in connection with the Chapter 7 Case, with a view to the successful prosecution of such case.

**RESOLVED FURTHER**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary, appropriate, advisable or desirable to advance the Company's rights and obligations and facilitate the commencement of the Chapter 7 Case.

## III.     Reduction in Force

**RESOLVED FURTHER**, that, without limitation of any general authorizing resolution set forth herein, the Authorized Person be, and hereby is, authorized, empowered, and directed to notify any and all employees of the Company that their employment with the Company shall be terminated in connection with the filing of the Petition, including the provision of any and all notices required by law or otherwise deemed necessary, appropriate, advisable or desirable, including under "WARN" or similar laws, rules, or regulations.

**IV.    Notification of Regulators**

**RESOLVED FURTHER**, that, without limitation of any general authorizing resolution set forth herein, the Authorized Person be and hereby is, authorized, empowered, and directed to notify any and all relevant local, state, and federal regulatory or other government authorities or self-regulatory organization of the Chapter 7 Case and all other matters associated with the shut-down of the business and operations of the Company and to take such other action in connection therewith as the Authorized Person deems necessary, appropriate, advisable or desirable, which shall include, without limitation, the securing of all facilities of the Company in a manner that is compliant with all applicable laws, rules, and regulations.

**V.    General Authorization and Ratification**

**RESOLVED FURTHER**, that the Authorized Person be, and hereby is, authorized, directed, empowered, on behalf of and in the name of the Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person shall approve, and the performance or execution thereof by the Authorized Person shall be conclusive evidence of the approval thereof by the Authorized Person and by the Company.

**RESOLVED FURTHER**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Person shall be necessary, appropriate, desirable, or advisable to prosecute a successful completion of the Company's Chapter 7 Case and to effectuate the liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions and the transactions contemplated by these resolutions, his authority thereunto to be evidenced by the taking of such actions.

**RESOLVED FURTHER**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Person may determine to be necessary, appropriate, desirable, or advisable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits and other papers or documents to be executed and delivered in such form as the Authorized Person shall approve, the taking or execution thereof by the Authorized Person being conclusive evidence of the approval thereof by the Authorized Person and the Company.

**RESOLVED FURTHER**, that any and all past actions heretofore taken by the Member, the Manager or the Authorized Person on behalf of and in the name of the Company in furtherance

of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed and approved in all respects.

**RESOLVED FURTHER**, that the Authorized Person is authorized to place a copy of this action by written consent in the official records of the Company to document the actions set forth herein as actions taken by the Member and the Manager.

*[Signature Page Follows]*

This action by unanimous written consent shall be effective on the date of the last signature set forth below. Any copy, facsimile or other reliable reproduction of this action by unanimous written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used.

**MEMBER:**

CHP HC, LLC

DocuSigned by:

By: _Ian Sinnott_
　　　AA95B088818344F...

Name: Ian Sinnott
Title: Authorized Signatory

Date: _May 28, 2024_

**MANAGER**:

CHP HC, LLC

DocuSigned by:

By: _Ian Sinnott_
　　　AA95B088818344F...

Name: Ian Sinnott
Title: Authorized Signatory

Date: _May 28, 2024_

[Signature Page to TrustedMedRx, LLC Action by Written Consent of the Sole Member and the Sole Manager]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| TRUSTEDMEDRX, LLC, | Case No. 24-_____ ([___]) |
| Debtor. | |
| Tax I.D. No. 36-4848798 | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P.
1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, Debtor TrustedMedRx, LLC (the "Debtor") hereby states as follows:

1.  The Debtor is a wholly-owned subsidiary of Debtor CHP HC, LLC and an indirect

    subsidiary of Debtor Cue Health Inc.. The mailing address of the Debtor is 1200

    South Rogers Circle, Suite 4A, Boca Raton, Florida 33487.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **TrustedMedRx, LLC** |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document(s) that requires a declaration **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **05/28/2024** | */s/ Ian Sinnott* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Ian Sinnott** |
| | | Printed name |
| | | **Authorized Representative** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtor**

4883-1696-3010.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CUE HEALTH INC.,[1]<br><br>                    Debtor.<br>Tax I.D. No. 27-1562193 | Chapter 7<br><br>Case No. 24-_____ ([___]) |
| In re:<br><br>CHP HC, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 92-1641932 | Chapter 7<br><br>Case No. 24-_____ ([___]) |
| In re:<br><br>TRUSTEDMEDRX, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 36-4848798 | Chapter 7<br><br>Case No. 24-_____ ([___]) |

### DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR DEBTORS

1.      Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that my firm, Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR"), is counsel for the above-captioned debtors (the "Debtors") and that compensation paid to WSGR within one year before the filing of the petition in bankruptcy, or agreed to by paid to WSGR, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

For general restructuring legal services, WSGR has agreed to accept……$1,245,434.81

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Cue Health Inc. (2193); CHP HC, LLC (1932); and TrustedMedRX, LLC (8798). The Debtors' service address is 4980 Carroll Canyon Rd., Ste. 100, San Diego, CA 92121.

4883-1519-6850

For legal fees associated with these chapter 7 cases………….……………….$150,000.00[2]

For costs related to the chapter 7 petitions fees and Form 8-K filing fee…….…..$3,014.00[3]

Prior to filing this statement, WSGR has received……………………..…….…$1,245,434.81

Balance Due…………………………………………………….………………….$0.00

2.      The source of the compensation paid to WSGR was Debtor Cue Health Inc.

3.      Other than as set forth herein, WSGR has not agreed to share the above-disclosed compensation with any other person, unless they are a partner, counsel, or associate of WSGR.

4.      In return for the above-disclosed legal fees of $150,000, WSGR has agreed to render legal services relating to these bankruptcy cases from May 27, 2024 forward, including:

      a.      Analyzing the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

      b.      Preparing and filing documents that may be required;

      c.      Preparation and filing of a Form 8-K in connection with the chapter 7 filings;

      d.      Review and filing of schedules of assets and liabilities and statements of financial affairs;

      e.      Representing the Debtors at the meeting of creditors, and any adjourned hearings thereof; and

      f.      Representing the Debtors as may otherwise be required to advise the Debtors regarding their rights and responsibilities as debtors under chapter 7 of the Bankruptcy Code and the Bankruptcy Rules.

---

[2]   This amount was agreed to be paid to WSGR as a flat fee for the legal services listed at section 4 below in the chapter 7 cases from May 27, 2024 forward. This amount is also included within the general restructuring legal services line of $1,245,434.81.

[3]   The costs include chapter 7 petition fees of $1,014.00 which will be paid to the Clerk of the Court and costs of $2,000 which will be paid to Donnelly Financial, LLC with respect to the form 8-K filing Cue Health Inc. will make on the petition date with the Securities and Exchange Commission. This amount is also included within the general restructuring legal services line for of $1,245,434.81.

4883-1519-6850

5.      By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## **CERTIFICATION**

I hereby certify that the foregoing is a complete statement of any agreement or arrangement

for payment to WSGR for representation of the Debtors in these bankruptcy proceedings.

Dated: May 28, 2024
      Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*
Erin R. Fay (No. 5268)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails:  efay@wsgr.com
           clyons@wsgr.com

*Proposed Counsel to the Debtors*

4883-1519-6850